## CRAVATH, SWAINE & MOORE LLP

STUART W GOLD
JOHN W WHITE
EVAN R CHESLER
MICHAEL L SCHLER
RICHARD LEVIN
KRIS F HEINZELMAN
B ROBBINS KIESSLING
ROGER D TURNER
PHILIP A GELSTON
RORY O MILLSON
FRANCIS P BARRON
RICHARD W CLARY
WILLIAM P ROGERS, JR
JAMES D COOPER
STEPHEN L GORDON
DANIEL L MOSLEY
JAMES C VARDELL, III
ROBERT H BARON
KEVIN J GREHAN
C ALLEN PARKER
SUSAN WEBSTER
DAVID MERCADO
ROWAN D WILSON
CHRISTINE A VARNEY
PETER T BARBUR

SANDRA C GOLDSTEIN
THOMAS G RAFFERTY
MICHAEL S GOLDMAN
RICHARD HALL
JULIE A NORTH
ANDREW W NEEDHAM
STEPHEN L BURNS
KEITH R HUMMEL
DAVID J KAPPOS
DANIEL SLIFKIN
ROBERT I TOWNSEND, III
WILLIAM J WHELAN, III
SCOTT A BARSHAY
PHILIP J BOECKMAN
ROGER G BROOKS
WILLIAM V FOGG
FAIZA J SAEED
RICHARD J STARK
THOMAS E DUNN
MARK I GREENE
DAVID R MARRIOTT
MICHAEL A PASKIN
ANDREW J PITTS
MICHAEL T REYNOLDS
ANTONY L RYAN

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE +44 20 7453-1000
FACSIMILE +44 20 7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1480

GEORGE E ZOBITZ
GEORGE A STEPHANAKIS
DARIN P MCATEE
GARY A BORNSTEIN
TIMOTHY G CAMERON
KARIN A DEMASI
LIZABETHANN R EISEN
DAVID S FINKELSTEIN
DAVID GREENWALD
RACHEL G SKAISTIS
PAUL H ZUMBRO
JOEL F HEROLD
ERIC W HILFERS
GEORGE F SCHOEN
ERIK R TAVZEL
CRAIG F ARCELLA
TEENA ANN V SANKOORIKAL
ANDREW R THOMPSON
DAMIEN R ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L SCHIELE
ALYSSA K CAPLES
JENNIFER S CONWAY
MINH VAN NGO

KEVIN J ORSINI
MATTHEW MORREALE
JOHN D BURETTA
J WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D ZAVAGLIA
STEPHEN M KESSING
LAUREN A MOSKOWITZ
DAVID J PERKINS
JOHNNY G SKUMPIJA
J LEONARD TETI, II
D SCOTT BENNETT
TING S CHEN
CHRISTOPHER K FARGO
KENNETH C HALCOM
DAVID M STUART

SPECIAL COUNSEL
SAMUEL C BUTLER
GEORGE J GILLESPIE, II

OF COUNSEL
PAUL C SAUNDERS

September 22, 2014

<u>City of New York v. YRC Worldwide Inc., No. CV 14 4322</u>
<u>Letter To Request Conference Regarding Motion To Dismiss</u>

Dear Judge Block:

      We represent YRC Worldwide Inc. ("YRC") in the above-titled action. We respectfully submit this request for a pre-motion conference in connection with YRC's forthcoming motion to dismiss the Complaint filed by the City of New York (the "City").

    A.    Introduction.

      YRC is an interstate and international "less-than-truckload" common carrier licensed under Subtitle IV of Title 49 (the Federal Aviation Administration Authorization Act or "FAAAA"). YRC employs 20,000 people and transports over 10 million shipments annually. Last spring, the City subpoenaed YRC's shipping records for certain locations in New York. The City told YRC that these records were to be used in a cigarette trafficking investigation and assured YRC that it was not a target of the investigation. YRC cooperated and worked with the City to find responsive documents. Shortly thereafter, the City demanded that YRC voluntarily cease all shipments of cigarettes into, out of, or through New York State—a request which YRC regarded as overbroad and inconsistent with its federal duties as a common carrier. YRC told the City of its concerns and asked the City to provide a list of entities to which YRC should suspend any shipments. The City refused. In an abundance of caution—given the City's aggressive posture—YRC rapidly suspended all tobacco shipments that touched New York. The only way to do so effectively was to embargo all tobacco shipments in the United States, to the detriment of $2 million a year to YRC's business. Notwithstanding the YRC embargo, the City suddenly commenced this action, using the YRC records obtained from the "not a target" subpoena.

      The City alleges that in the past two years YRC transported nine shipments of unstamped cigarettes to unlicensed entities on Indian reservations in upstate New York and Long Island in violation of the Contraband Cigarette Trafficking Act (the "CCTA"), the Prevent All Cigarette Trafficking Act (the "PACT Act") and N.Y. Public Health Law § 1399-ll. All of these deliveries were business-to-business, and pick-up and drop-off was always one hundred miles or more away from the City. The City's Complaint fails to state any plausible claim for relief against YRC and therefore it should be dismissed in its entirety.

  B.  Grounds for Dismissal.

    1.  The City Has No Standing To Bring This Action.

  To establish standing under Article III, a plaintiff must have suffered an injury in fact that is "concrete and particularized as well as actual or imminent, not conjectural or hypothetical". *Kendall v. Emps. Ret. Plan of Avon Prods.*, 561 F.3d 112, 118 (2d Cir. 2009). The City fails to allege the requisite injury-in-fact to confer standing.

  *First*, the City cannot allege an actual injury as to <u>state</u> cigarette taxes because it does not have the right to collect such taxes. The CCTA does not create a *qui tam* action; the City must allege an actual injury to itself to have standing to bring a claim. *See City of N.Y. v. Milhelm & Bros.*, No. 06-CV-3620 (CBA), 2012 WL 3579568, at *18 (E.D.N.Y. Aug. 17, 2012).

  *Second*, the City does not allege that any of the actual shipments transported by YRC to distant places were then smuggled or delivered into New York City by others. The City merely avers as a matter of general supposition that cigarettes are "regularly bootlegged into the City" from Indian reservations. At most, the City alleges that YRC's purported shipments were *capable* of subsequently entering the City; not that they *actually* entered and harmed the City. This is deficient. *See Milhelm*, 2012 WL 3579568, at *18 (unstamped cigarettes that were merely capable of entering the City did not constitute injury in fact). The allegation that the alleged shipments may have spent a few minutes passing through the City on a roadway bears a tangential relationship to the City and does not confer standing.

    2.  The City's Allegations Do Not State a Claim Under the CCTA.

  Unstamped cigarettes are not "contraband cigarettes" under the CCTA when in the possession of a common carrier licensed under the FAAAA. *See* 18 USC §§ 2341(2)(B) & 2341(3). A common carrier cannot be liable under the CCTA unless it *knowingly* delivered unstamped cigarettes to an unlicensed vendor. *See City of New York v. Gordon*, No 12 Civ. 4838, 2013 WL 2190060, at *8 (S.D.N.Y. May 21, 2013). The City does not allege any specific facts to support an inference that YRC knew that the alleged business-to-business shipments contained untaxed cigarettes or that the business recipients were unlicensed to be vendors of tobacco under New York law. The City makes no allegation that YRC was told by shippers or recipients that the alleged shipments were contraband, or that YRC had any dealings with these entities beyond picking up and dropping off shipments. Indeed, the bills of lading cited in the Complaint are alleged to show only that the shipments contained tobacco products. It is not plead that YRC had any reason to know from the shipping records that the contents were cigarettes that did not bear proper tax stamps. By contrast, all of the cases in which common carriers have been found potentially liable under the CCTA involve specific facts that suggest the common carrier was complicit in or aware of the scheme to traffic in untaxed cigarettes and knowingly delivered untaxed cigarettes to consumers in the City. *See City of New York v. LaserShip, Inc.*, No. 13 Civ. 7535, 2014 WL 3610927, at *1 (S.D.N.Y. Jul. 10, 2014); *Gordon*, 2013 WL 21900600 at *2, *9.

  The City conclusorily pleads that YRC "knew" the cigarettes were unstamped or that the recipients were "not regulated entities permitted to receive and sell unstamped cigarettes". These are insufficient recitations of the bare elements of a CCTA claim. *See Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 255 (3rd Cir. 2010) ("[T]o survive dismissal it does not suffice to simply say that the defendants had knowledge; there must be factual allegations to plausibly suggest as much."). The City's assertion that Kansas-based YRC should be imputed with New York "public knowledge" is similarly

insufficient, especially when it concerns alleged knowledge of the alleged practices of New York Indian reservations. Nor does the allegation that the City put YRC on notice on May 13, 2014, suffice—not one of the nine shipments specified in the Complaint post-dates this alleged notice; the City instead relies on defective allegations of shipments from "unknown entities" in "unknown amounts" on "unknown dates" to unspecified recipients.

Further, the City's aggressive use of the CCTA to enforce New York State and City regulations would impermissibly place onerous burdens on interstate common carriers to inspect all cigarette shipments and inquire as to the local licensure status of their recipients. The FAAAA obliges YRC to accept and deliver shipments made on reasonable request and pre-empts an action, like the City's, which directly or indirectly affects the routes or services of a common carrier. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992); *see also Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364 (2008). Without allegations sufficient to state a claim that YRC *knowingly* shipped untaxed cigarettes into the City, the City's claims are foreclosed by the CCTA's common carrier exception and federal transportation law.

3. The Alleged Conduct Does Not Violate the PACT Act or NY PHL § 1399-ll.

Neither the PACT Act nor NY PHL § 1399-ll applies to any of the shipments in the City's Complaint because none are alleged to have been delivered to consumers. The PACT Act applies only to cigarette sales directly to consumers. The labeling requirement of the PACT Act applies only to "delivery sales", meaning sales of cigarettes directly to consumers. *See* 15 U.S.C. § 376a ("Delivery sales"). NY PHL § 1399-ll applies similarly to consumer cigarette sales. *See Brown & Williamson Tobacco Corp. v. Pataki*, 320 F.3d 200, 204 (2d Cir. 2003) (construing NY PHL § 1399-ll to "subject[] to . . . penalties those who transport cigarettes to New York consumers"). Again, all of the alleged recipients of shipments in the Complaint are business entities—manufacturers, wholesalers, distributors or retailers of tobacco products.[1]

Moreover, clear authority mandates that the FAAAA pre-empts state licensure laws and regulations for tobacco deliveries where such regulation has a direct or indirect effect on the routes and services of common carriers. *See Rowe*, 552 U.S. at 370. In particular, the PACT Act specifically preempts state and local authorities from requiring carriers such as YRC to "verify that all applicable taxes have been paid" or requiring that packages "contain any particular labels, notice, or markings". 15 U.S.C. § 376a(e)(5)(iii) and (iv).

\* \* \*

For the foregoing reasons, we respectfully request that the Court schedule a pre-motion conference concerning YRC's forthcoming motion to dismiss. YRC proposes that the conference be scheduled for October 29, 2014, if convenient for the Court.

Respectfully,

Darin P. McAtee

---

[1] While the City has alleged that YRC delivered shipments of cigarettes to entities unlicensed by the state, all are alleged to be on Indian reservations and thus are not required to be licensed by the state. *See, e.g., Moe v. Confederated Salish and Kootenai Tribes of Flathead Reservation*, 425 U.S. 463 (1976).

Judge Frederic L. Block
   United States District Court Judge
      Eastern District of New York
         225 Cadman Plaza East
            Brooklyn, NY 11201

VIA ECF

Copy to:

Zachery W. Carter
Eric Proshansky
Amy N. Okereke
   Corporation Counsel of the City of New York
      Attorney for Plaintiff, the City of New York
         100 Church Street, Room 20-85
            New York, NY 10007

VIA ECF