**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**CITY OF NEW YORK,**

                    **Plaintiff,**                   **MEMORANDUM**
                                                    **AND ORDER**

                    **-against-**                     **14-CV-4322 (FB)**

**YRC WORLDWIDE INC.,**

                    **Defendant.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       This action concerns the alleged shipment of contraband cigarettes into New York State, and ultimately into New York City. See Amended Complaint (Nov. 13, 2014), Electronic Case Filing Docket Entry ("DE") #13. On November 13, 2014, plaintiff City of New York (the "City") filed an Amended Complaint, which defendant YRC Worldwide, Inc. ("YRC") has moved to dismiss. See Letter (Dec. 19, 2014), DE #18. Currently pending before this Court are cross-motions related to the appropriate scope of discovery, in light of YRC's pending dispositive motion. See Motion to Stay Discovery (Nov. 24, 2014) ("Def. Mot."), DE #17; [The City's] Letter Motion for Discovery (Nov. 21, 2014) ("Pl. Mot."), DE #16. The City requests that the parties commence document discovery, see Pl. Mot. at 3, whereas YRC argues that all discovery should be stayed pending the resolution of its motion to dismiss, or, alternatively, that discovery be limited to documents concerning the nine shipments of cigarettes specified in the Amended Complaint. See Def. Mot. at 3-4. For the reasons that follow, the Court denies YRC's motion to stay discovery and directs that the parties commence document discovery forthwith.

**DISCUSSION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may grant a protective order, such as a stay of discovery, for "good cause." See Fed. R. Civ. P. 26(c)(1). While the filing of a dispositive motion may sometimes constitute good cause for a stay of discovery, it by no means entitles a movant to an automatic stay. See Diaz v. Local 338 of the Retail, Wholesale Dep't Store Union, United Food & Comm. Workers, No. 13-CV-7187 (SJF) (SIL), 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014) (collecting cases); Bachayeva v. Americare Certified Special Servs., Inc., No. 12-CV-1466 (RRM) (SMG), 2013 WL 4495672, at *4 (E.D.N.Y. Aug. 20, 2013). In deciding whether good cause has been shown, courts consider the breadth of discovery and the burden entailed in responding to it, as well as the prejudice to the adverse party in the event a stay is granted. See Diaz, 2014 WL 4384712, at *2; Bachayeva, 2013 WL 4495672, at *4. A court may also consider whether the defendant seeking a stay has made a "strong" or "substantial" showing that the claims lack merit. See Diaz, 2014 WL 4384712, at *2; Bachayeva, 2013 WL 4495672, at *4.

Whether to grant a protective order lies within a court's broad discretion. See Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 71 (S.D.N.Y. 2010); see also Bachayeva, 2013 WL 4495672, at *4. The party seeking the protective order bears the ultimate burden of persuading the Court that good cause has been shown. See Duling, 266 F.R.D. at 71 (collecting cases).

Here, YRC argues in conclusory fashion that "unlimited document discovery would be costly and time consuming[.]" See Def. Mot. at 3. While YRC attempts to support this claim by noting that it makes in excess of a million shipments annually to New York State, there is

no allegation or evidence placing that figure in proper context. See id. YRC proffers no affidavit from a company officer attesting to how shipment records are stored, whether said records can be searched electronically, or otherwise describing the nature of the burden of production. Nor has YRC provided an estimate from a third-party litigation document depository opining on the expected costs of searching YRC's records or what that search would entail. See generally Barella v. Village of Freeport, 296 F.R.D. 102, 105 (E.D.N.Y. 2013) ("The party objecting to the discovery demands must, with some degree of specificity, illustrate the nature and extent of the burden of production."). It is not even clear from the parties' submissions whether document demands have already been served on YRC. See Brooks v. Macy's, Inc., No. 10 CIV 5304 BSJ HBP, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010) (denying motion to stay discovery other than depositions, where lack of document requests made it impossible to assess the breadth and burden of discovery sought). In other words, YRC's claims of burden are conclusory and bereft of support.

On the other hand, the prejudice to plaintiff, in terms of delay, would not be inconsequential. YRC's motion to dismiss identifies a multitude of issues, some of them complex in nature, from which it may reasonably be inferred that a resolution of the motion will not be an expeditious one, and that the case may be delayed from moving forward for a substantial period of time.

Finally, with respect to the strength of YRC's motion to dismiss, as of now, the initial brief has been served on plaintiff, but not filed with the Court; the City has not served its opposition papers; and the motion is not set to be fully briefed until next month. See Letter to Judge Block (Nov. 17, 2014), DE #15. This Court cannot reliably opine, from the limited

factual and legal record before it, that YRC has made a *strong* or *substantial* showing that the City's claims are unmeritorious.  See In re Term Commodities Cotton Futures Litig., No. 12 Civ. 5126 (ALC) (KNF), 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) (in deciding motion to stay, magistrate judge considered the fact that a motion had been filed, but declined to analyze the strength of that motion, which was pending before the district court, because to do so would "represent[] an unnecessary and unjustified duplication of efforts").

## CONCLUSION

Therefore, for the above reasons, the Court, in its discretion, denies YRC's motion to stay discovery, except (on consent) deposition discovery.[1]  Both parties are directed to confer on document discovery requests in order to minimize the burden imposed on YRC, including exploring the possibility of deferring hard-copy document review, pending the resolution of YRC's motion to dismiss.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**January 6, 2015**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] YRC's request to limit discovery to the nine shipments specifically alleged in the Amended Complaint is likewise denied.  YRC offers no explanation as to why engaging in piecemeal document discovery is a reasonable approach.